**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

PRIMERICA LIFE                                                         CIVIL ACTION
INSURANCE COMPANY

VERSUS                                                                  24-946-SDD-RLB

RITNEY LYNN SELLERS, ET AL.

<u>RULING</u>

There are two motions before the Court: the *Motion for Default Judgment and Disbursement of Funds from the Court's Registry* (hereinafter, "the *Motion*")[1] filed by Defendant Ritney Lynn Sellers and *Primerica Life Insurance Company's Motion for Discharge, Injunction, and Dismissal* ("the *MTD*")[2] filed by Plaintiff Primerica Life Insurance Company ("Primerica" or "Plaintiff"). No opposition to either motion has been filed. For the following reasons, the *Motion* and the *MTD* shall be granted.

## I.    BACKGROUND

This is an interpleader action involving the proceeds of a life insurance policy administered by Primerica. Renae Sellers died on March 9, 2024.[3] At that time, she was covered by a spouse term insurance rider ("spouse rider") to her husband Roy Sellers, Sr.'s life insurance policy with Primerica (policy number 0430418661).[4] The benefit under the spouse rider was $50,000 ("the benefit"),[5] and Renae Sellers's designated beneficiaries were Ritney Lynn Sellers and Roy Sellers, Jr.[6] At the time of her death,

---

[1] Rec. Doc. 38.
[2] Rec. Doc. 39.
[3] Rec. Doc. 1, ¶ 16.
[4] *Id.* at ¶¶ 7, 9.
[5] *Id.* at ¶ 16.
[6] *Id.* at ¶ 15.

Renae Sellers had allocated 80% of the benefit, or $40,000, to Ritney Lynn Sellers and 20%, or $10,000, to Roy Sellers, Jr.[7]

Defendant Exchange Funeral Funding, LLC ("Exchange") claimed to Primerica that the benefit had been assigned to Exchange.[8] Ritney Lynn Sellers demanded that she receive her portion of the benefit and claimed someone forged her signature on the document assigning her portion to Exchange.[9]

On November 18, 2024, Primerica filed its *Complaint for Interpleader*, naming Ritney Lynn Sellers, Roy Sellers, Jr., and Exchange as defendants.[10] Primerica claims it "is a disinterested stakeholder" that "has no interest whatsoever in the Benefit other than fulfilling its contractual obligation to pay the sum(s) due to the appropriate party or parties."[11] Ritney Lynn Sellers filed her *Answer to Complaint for Interpleader and Claim* on January 21, 2025.[12] Primerica served Exchange on January 8, 2025.[13] Exchange has not filed a responsive pleading, so on Primerica's motion,[14] the Clerk of Court entered default against Exchange on February 25, 2025.[15] In April 2025, Exchange contributed to a *Status Report*[16] and participated in a telephone conference.[17] At the telephone

---

[7] *Id.*

[8] *Id.* at ¶¶ 17–18; Rec. Doc. 1-11; Rec. Doc. 1-12.

[9] Rec. Doc. 1, ¶ 20; Rec. Doc. 1-13; Rec. Doc. 1-15.

[10] Rec. Doc. 1.

[11] *Id.* at ¶ 22.

[12] Rec. Doc. 14.

[13] Rec. Doc. 13.

[14] Rec. Doc. 17.

[15] Rec. Doc. 20. The entry of default also applied to Roy Sellers, Jr., who Primerica allegedly served on December 11, 2024. Rec. Doc. 11. However, after the Court raised concerns regarding the adequacy of this service, Primerica spoke to the Ascension Parish Jail employee who accepted service on December 11, and the employee was unable to confirm whether Roy Sellers, Jr. was personally served or if he ever received the *Complaint for Interpleader*. Rec. Doc. 31-1, p. 2. On May 24, 2025, Primerica, therefore, filed a motion to re-issue summons to Roy Sellers, Jr. Rec. Doc. 31. That motion was granted (Rec. Doc. 32), and Roy Sellers, Jr. was re-served on May 30, 2025. Rec. Doc. 34. To date, he has made no appearance in this case.

[16] Rec. Doc. 26.

[17] Rec. Doc. 27.

conference, Exchange told the Court it would file a motion to set aside the Clerk's entry of default, and the Court instructed Exchange to "make all efforts" to do so within two weeks.[18] No such motion was filed.

On June 26, 2025, Primerica filed a motion to deposit the benefit plus the accrued interest into the Registry of the Court.[19] The Court granted that motion, and Primerica deposited $50,733.57 into the Registry of the Court.[20] Ritney Lynn Sellers later filed the *Motion*, asking the Court to "enter a final judgment of default" against Exchange and to award her 80% of the benefit funds, i.e., $40,000, as well as 80% of the accrued interest.[21] Primerica subsequently filed the *MTD*, asking the Court to discharge it from further liability related to the spouse rider, to enjoin all further claims against it, and to dismiss it from this action with prejudice.[22] No opposition has been filed for either motion.

## II.    LAW AND ANALYSIS

### A. *Statutory Interpleader*

Interpleader allows a party that possesses another's money or property "to join two or more parties asserting mutually exclusive claims to the property or fund in a single suit, thereby freeing the stakeholder from multiple liability or multiple lawsuits."[23] Primerica invokes statutory interpleader under 28 U.S.C. § 1335.[24] A district court has jurisdiction

---

[18] *Id.*

[19] Rec. Doc. 35.

[20] Rec. Doc. 36.

[21] Rec. Doc. 38. Because the award Ritney Lynn Sellers seeks can be mathematically calculated and has been demonstrated by supporting documentation (*see* Rec. Doc. 1-10), a hearing is unnecessary. *United States v. Pryer*, No. 24-357, 2025 WL 2267669, at *2 (M.D. La. Aug. 7, 2025) (stating a hearing is unnecessary if the Court can "mathematically calculate the amount of damages based on the pleadings and supporting documents") (quoting *Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-889, 2014 WL 1632158, at *3 (N.D. Tex. Apr. 22, 2014)).

[22] Rec. Doc. 39.

[23] *Lantier v. Travelers Cas. Ins. Co. of Am.*, No. 1:22-CV-4178, 2026 WL 759321, at *4 (W.D. La. Feb. 24, 2026), *report and recommendation adopted*, 2026 WL 759672 (W.D. La. Mar. 17, 2026) (quoting *State Farm Life Ins. Co. v. Bryant*, No. 18-CV-1628, 2019 WL 7938266, at *9 (N.D. Tex. May 16, 2019)).

[24] Rec. Doc. 1, ¶ 1.

over a statutory interpleader action if: "1) the plaintiff files an action concerning an amount of $500 or more; 2) the plaintiff deposits the funds at issue into the registry of the court; 3) two or more adverse claimants claim or may claim to be entitled to the funds; and 4) those claimants are minimally diverse."[25] These requirements are satisfied here. This case involves $50,000 in benefit funds, which has been deposited into the Registry of the Court and upon which Exchange has asserted a claim that is adverse to Ritney Lynn Sellers and Roy Sellers, Jr.'s rights as beneficiaries of the spouse rider. Additionally, Ritney Lynn Sellers is a citizen of Louisiana[26] and Exchange is a citizen of Alabama,[27] so the minimal diversity requirement is met.

"Once a district court concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds."[28] Primerica claims it is a disinterested stakeholder in this case,[29] and it has already deposited the disputed funds into the Registry of the Court.[30] The Court, therefore, may discharge Primerica from the action because the requirements for statutory interpleader are met.[31]

Primerica also asks the Court to issue injunctive relief.[32] When a district court discharges a plaintiff from further liability in an interpleader action, the court may issue a

---

[25] *Auto Parts Mfg. Miss., Inc. v. King Constr. of Houston, L.L.C.*, 782 F.3d 186, 192–93 (5th Cir. 2015) (citing 28 U.S.C. § 1335(a)).
[26] Rec. Doc. 1, ¶ 4.
[27] *Id.* at ¶ 6.
[28] *Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 263 (5th Cir. 2018) (citing *Auto Parts Mfg. Miss.*, 782 F.3d at 195).
[29] Rec. Doc. 1, ¶ 22.
[30] Rec. Doc. 36.
[31] *Gray Cas. & Sur. Co. v. Gold Standard Moving & Storage LLC*, 652 F. Supp. 3d 734, 737 (N.D. Tex. 2023) (quoting *Berry*, 718 F. App'x at 263; 28 U.S.C. § 2361).
[32] Rec. Doc. 39.

permanent injunction.[33] Specifically, the Court may restrain all claimants "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court."[34] And the Court also "may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."[35] The Court finds that enjoining Defendants from instituting any other proceeding against Primerica in state or federal court with respect to the benefit is appropriate here. Finding that Primerica's requested relief is proper, the Court will grant the *MTD*.

### B.  Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[36] After the Clerk of Court's entry of default and upon the plaintiff's motion, the court may enter a default judgment against the defaulting defendant.[37]

A court employs a two-part analysis to determine whether a default judgment should be entered against the defendant.[38] "First, the court must consider whether the entry of default judgment is appropriate under the circumstances."[39] The factors relevant to this inquiry, i.e., the *Lindsey* factors, include: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for

---

[33] *Gray Cas. & Sur. Co.*, 652 F. Supp. 3d at 737 (quoting *Auto Parts Mfg. Miss.*, 782 F.3d at 192).
[34] 28 U.S.C. § 2361.
[35] *Id.*
[36] Fed. R. Civ. P. 55(a).
[37] Fed. R. Civ. P. 55(b).
[38] *J&J Sports Prods., Inc. v. KCK Holdings, LLC*, No. 14-269, 2015 WL 4656714, at *3 (M.D. La. Aug. 5, 2015) (citing *Taylor v. City of Baton Rouge*, 39 F. Supp. 3d 807, 813 (M.D. La. 2014); *United States v. Chauncey*, No. 14-CV-32, 2015 WL 403130, at *1 (M.D. La. Jan. 28, 2015)).
[39] *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

default are clearly established; (4) whether the default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion."[40]

Here, the grounds for default against Exchange are clearly established, since Exchange failed to respond to the *Complaint for Interpleader*, move to set aside the entry of default, or oppose the *Motion*. Because of this failure to respond, the material facts are not disputed. Additionally, the Court has no basis to find that Exchange's failure to respond was the result of a good faith mistake or excusable neglect, and Exchange's failure to file any responsive pleading or motion mitigates the harshness of default judgment. Furthermore, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by Exchange. Accordingly, the Court finds that all six *Lindsey* factors weigh in favor of entry of default judgment against Exchange.

"Second, the court must assess the merits of the plaintiff[']s claims and find sufficient basis in the pleadings for the judgment."[41] However, "it is well-established that when only one named claimant in an interpleader action answers, the court does not need to evaluate the merit of their claim; they are entitled to the fund."[42] Here, it is not disputed that of the three Defendants and would-be claimants to the funds in the Court's Registry, neither Roy Sellers, Jr. nor Exchange has filed an Answer, a Rule 12 motion, or a response to the *Motion*. As such, the Court need not consider the merits of which party is entitled to the funds, and Ritney Lynn Sellers's *Motion* shall be granted.

---

[40] *Id.* (citing *Lindsey*, 161 F.3d at 893).

[41] *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

[42] *Tijerina v. Securian Life Ins. Co.*, No. 24-CV-86, 2024 WL 4820861, at *4 (W.D. Tex. Nov. 18, 2024) (citing *Benjamin Moore & Co. v. Menendez*, No. 18-cv-2288, 2019 WL 3413420, at *1 (N.D. Tex. July 29, 2019); *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.6 (4th Cir. 1984)).

The Court notes that the dispute in this case arose due to Exchange's claim that it had a right to the benefit. Because default judgment is being granted against Exchange, Exchange forfeits any claim to the interpleaded funds.[43] Ritney Lynn Sellers claims only what Renae Sellers allocated to her in the spouse rider, i.e., 80% of the benefit funds, as well as 80% of the accrued interest;[44] she makes no claim to the 20% of the benefit fund that was allocated to Roy Sellers, Jr. or the remaining interest.[45] Thus, Roy Sellers, Jr.'s right to the remaining 20% of the interpleaded funds and the remaining interest is undisputed. Because he has not appeared in this case to claim these funds, the specified funds shall remain in the Registry of the Court until Roy Sellers, Jr. contacts the Court to ask for the funds' disbursement.

## III.    CONCLUSION

For the foregoing reasons, *Primerica Life Insurance Company's Motion for Discharge, Injunction, and Dismissal*[46] is **GRANTED**, and the *Motion for Default Judgment and Disbursement of Funds from the Court's Registry*[47] is also **GRANTED**.

**IT IS FURTHER ORDEDED** that Primerica Life Insurance Company is discharged from liability to Defendants—and all other claimants—related to the $50,000 benefit from the spouse term insurance rider for the Primerica life insurance policy number 0430418661.

---

[43] *See Primerica Life Ins. Co. v. Basilio as Next Friend of UMB*, No. 4:22-CV-541, 2023 WL 3292879, at *4 (E.D. Tex. May 5, 2023) ("The effect of a default judgment against a defendant named in an interpleader is that the party who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.") (quoting *Midland Nat'l Life Ins. Co. v. Santana-Ayala*, No. 5:19-CV-591, 2020 WL 33598, at *2 (W.D. Tex. Jan. 2, 2020)).

[44] Rec. Doc. 38-1, p. 1.

[45] *Id.* at p. 2 ("Ritney Lynn Sellers does not seek a default against [Roy Sellers, Jr.], and he may make a claim for the remaining proceeds when he is able."). *See* Rec. Doc. 1-10, p. 2 (allocating an 80% share of the benefit to Ritney Lynn Sellers and the remaining 20% to Roy Sellers, Jr.).

[46] Rec. Doc. 39.

[47] Rec. Doc. 38.

**IT IS FURTHER ORDERED** that Defendants—and all other claimants—may not institute any proceeding against Primerica Life Insurance Company in state or federal court with respect to the $50,000 benefit from the spouse term insurance rider for the Primerica life insurance policy number 0430418661.

**IT IS FURTHER ORDERED** that Primerica Life Insurance Company be and is hereby **DISMISSED WITH PREJUDICE** from the above-captioned matter.

**IT IS FURTHER ORDERED** that default judgment is hereby entered in favor of Defendant Ritney Lynn Sellers and against Defendant Exchange Funeral Funding, LLC.

**IT IS FURTHER ORDERED** that all claims asserted by, or that could have been asserted in this litigation by, Defendant Exchange Funeral Funding, LLC arising out of the transactions or occurrences that form the subject matter of this litigation are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is hereby authorized to distribute and shall distribute to Ritney Lynn Sellers, care of her attorney, $40,000 of the interpleaded amount, together with 80% of the interest accrued on the interpleaded amount, which is presently held in the Registry of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall retain the remaining $10,000 of the interpleaded amount, as well as the remaining 20% of the accrued interest, in the Registry of the Court until Roy Sellers, Jr. contacts the Court to ask for disbursement of said funds. Upon receipt of such request, the Clerk of Court is authorized to disburse the funds to Roy Sellers, Jr. The Clerk of Court shall send this Ruling to Roy Sellers, Jr. at the address where he was served notice of these proceedings.[48]

---

[48] *See* Rec. Doc. 34.

**IT IS FURTHER ORDERED** that this matter shall remain open until all the interpleaded funds have been disbursed.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this __21st__ day of _____May_____, 2026.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**